**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SONYA WOLF, an individual; ROGER CRAIG, in his capacity as Guardian ad Litem for the Minor N. H., <br><br>        Plaintiffs - Appellants, <br><br>  v. <br><br> CITY OF STOCKTON; SANDOVAL, individually and in his in his official capacity as police officer for the City of Stockton; AZVERAND, individually and in his official capacity as police officer for the City of Stockton; DOES 1-20, <br><br>        Defendants - Appellees. | No. 10-15776 <br><br> D.C. No. 2:08-cv-00964-FCD-GGH <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Submitted June 13, 2011[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN and BYBEE, Circuit Judges, and HAYES, District Judge.[***]

Sonya Wolf and Roger Craig appeal from the district court's grant of summary judgment to the City of Stockton and to Officers Darren Sandoval and Eric Azervand. As the facts are known to the parties, we repeat them only as necessary to explain our decision.

The officers' limited search of Wolf's van was justified under the emergency aid exception to the Fourth Amendment. *See Brigham City v. Stuart*, 547 U.S. 398, 403–04 (2006); *United States v. Cervantes*, 219 F.3d 882, 888 (9th Cir. 2000). Given the concerns of Nicholas's father, the unusual living conditions inside the van, and Wolf's uncooperative and disruptive behavior, the officers had reasonable grounds to believe that Nicholas was residing in a situation unsafe for a young child, and thus that a potential emergency situation required further investigation. *See United States v. Bradley*, 321 F.3d 1212 (9th Cir. 2003); *White v. Pierce Cnty.*, 797 F.2d 812 (9th Cir. 1986). The officers' search of the van and interview with Nicholas did not go beyond that which was necessary to determine that he was safe. *See Martin v. City of Oceanside*, 360 F.3d 1078, 1082 (9th Cir. 2004).

---

[***] The Honorable William Q. Hayes, United States District Judge for the District of Southern California, sitting by designation.

2

Furthermore, the officers' brief detention of Wolf during the interview with Nicholas did not violate the Fourth Amendment. By her own admission, Wolf was disrupting the officers' attempts to speak with Nicholas. Because their investigation of Nicholas's welfare was valid under the Fourth Amendment, so too was their reasonable decision temporarily to detain Wolf to facilitate such investigation. Wolf remained within clear sight of Nicholas throughout the interview, and her detention lasted no longer than necessary to facilitate the officers' investigation.

The judgment of the district court is

**AFFIRMED.**